UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DERIC LEECH, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:24-CV-1004-JTM-AZ |
| TRAVIS W. HEISMAN, et al., | |
| Defendants. | |

OPINION and ORDER

Deric Leech, who was a prisoner when he filed this action but has since been released from custody, filed a complaint under 42 U.S.C. § 1983. (DE # 1.) Pursuant to 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Leech is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The complaint stems from events that occurred while Leech was a pretrial detainee at the Fulton County Jail. He claims that upon his arrival at the jail he "made it known" to unspecified staff members that he had an allergy to fish, but he believes jail

staff did not take this seriously. He claims that on three occasions between September 2024 and November 2024 he was served a "fish patty" with his meal. He claims to have suffered headaches and difficulty breathing due to eating the fish. He seeks $7.5 million in damages from Jail Commander Catherine Collins, Fulton County Sheriff Travis W. Heisman, Officer Candice Johnston, Nurse Josh Hines, Officer Kayden Craig, staff member Marty Elanor Fulton County, Fulton County Jail, Quality Correctional Care, and Airmark.

Because Leech was a pretrial detainee when these events occurred, his rights arise under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). The Fourteenth Amendment's Due Process Clause "prohibits holding pretrial detainees in conditions that amount to punishment." *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017) (citation and internal quotation marks omitted). To state a plausible claim, a plaintiff must allege:

> (1) the defendant made an intentional decision regarding the conditions of the plaintiff's confinement; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate the risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved, making the consequences of the defendant's inaction obvious; and (4) the defendant, by not taking such measures, caused the plaintiff's injuries.

*Thomas v. Dart*, 39 F.4th 835, 841 (7th Cir. 2022). The third element "requires an allegation that a specific defendant was on notice of a serious risk of harm to the detainee." *Id.* (citation and internal quotation marks omitted). Allegations of negligence,

2

even "gross negligence," do not state a Fourteenth Amendment claim. *Miranda*, 900 F.3d at 353-54.

Leech has not stated a plausible Fourteenth Amendment claim under these standards. As to the Sheriff, he appears to be trying to hold him liable for damages because of his supervisory position. However, there is no general *respondeat superior* liability under 42 U.S.C. § 1983, and the Sheriff cannot be held liable simply because they oversee operations at the jail. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). He does not describe any personal involvement in these events by Sheriff Heisman, which is fatal to his claim for damages. He has no claim for injunctive relief against the Sheriff because he is no longer incarcerated at the jail. *Kifer v. Ellsworth*, 346 F.3d 1155, 1157 (7th Cir. 2003); *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996).

He also does not describe any personal involvement by Commander Collins, and she cannot be held liable for damages solely because she is the top official at the jail. *Id.* Although he does not include allegations about Commander Collins, the court notes for completeness that an attachment to the complaint reflects some minimal involvement by the Commander. On November 22, 2024, Leech made a request through the jail's electronic kiosk to "speak with the commander," without explaining why he needed to speak with her. (DE # 1-1 at 2.) The Commander responded later that day, "Please advise what you need." (*Id.*) Leech then provided additional details about the problem with the fish. It can be discerned from this attachment that Commander Collins forwarded the information to another staff member, because the following day, a non-

3

party staff member responded, "I spoke to the nurse, and to the kitchen, you are now on a no fish diet." (*Id.*) Leech does not allege that he was served fish after November 2024. The court cannot plausibly infer from this that Commander Collins acted in an objectively unreasonable fashion in violation of the Fourteenth Amendment.

He also does not mention Officer Johnston, Nurse Hines, or Mr. Elanor by name in the narrative section of his complaint, nor does he provide factual content to indicate these individuals were personally aware of his fish allergy and made an intentional decision that put him at risk of harm. His general allegations about "defendants" placing him in danger do not suffice to state a plausible claim against these individuals. *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (allegations that referred to "defendants" collectively without connecting specific defendants to specific acts were insufficient under federal pleading standards); *see also Henderson v. Wall*, No. 20-1455, 2021 WL 5102915, at *1 (7th Cir. Nov. 3, 2021) ("[B]y making allegations about large, indeterminate groups of defendants, [the plaintiff] deprived them all of proper notice of what they were accused of doing.").

Two attachments to the complaint show some minimal involvement by Officer Johnston and Officer Craig. The first reflects that Officer Johnston was involved in serving food trays to inmates during the September 2024 incident in which Leech received a fish patty. However, that same attachment reflects that he was given an entirely different food tray when he raised a concern about the fish. (DE # 1-1 at 4.) The second attachment reflects that Officer Craig responded to a grievance Leech filed about being served fish. However, merely responding to grievances does not make her liable

4

for a constitutional violation. *Daniel v. Cook Cty.*, 833 F.3d 728, 736 (7th Cir. 2016). Thus, he has not stated a plausible Fourteenth Amendment claim against any of these defendants.

He also sues Airmark, the County, and Quality Correctional Care. These entities cannot be held liable solely because they employ staff at the jail. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020); *see also Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). A government entity or private company performing a public function can be held liable for the unconstitutional acts of their employees, only if "those acts were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted). The purpose of this requirement is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021). To allege a viable *Monell* claim, the plaintiff must describe an official policy that caused him injury. *Grieveson*, 538 F.3d at 771. A plaintiff pursuing a custom theory "must allege facts that permit the reasonable inference that the practice is so widespread so as to constitute a governmental custom." *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017).

Leech does not identify an official policy of the County, Quality Care, or Airmark that caused him injury. Nor does he allege facts permitting a reasonable inference that these entities had a widespread practice or custom of unconstitutional conduct. Instead, he describes a few isolated instances among many meals in which he received fish. He has not alleged a plausible *Monell* claim against these entities. *Howell*, 987 F.3d at 654.

Finally, he sues the jail, but the jail is a physical structure, not a "person" or policy-making body that can be sued for constitutional violations. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

In sum, the complaint does not state a claim for relief. "[L]itigants in this circuit are ordinarily given the chance to amend their pleadings once as a matter of course" before a case is dismissed. *Newson v. Superior Ct. of Pima Cnty.*, 784 F. App'x 964, 965 (7th Cir. 2019); *see also Luevano v. Wal-Mart*, 722 F.3d 1014, 1022 (7th Cir. 2013). Therefore, Leech may file an amended complaint, if he believes he can state a plausible constitutional claim based on these events, consistent with the allegations he has already made under penalty of perjury.

For these reasons, the court:

(1) GRANTS the plaintiff until **August 29, 2025**, to file an amended complaint; and

(2) CAUTIONS him that if he does not file an amended complaint, this case is subject to dismissal under 28 U.S.C. § 1915A without further notice.

**SO ORDERED.**

Date: August 1, 2025

    s/James T. Moody
    JUDGE JAMES T. MOODY
    UNITED STATES DISTRICT COURT